IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRISTOL WEST INSURANCE COMPANY,

       Plaintiff,

v.                                                                                               No. 18-cv-01066-RB-JFR

BRYANA SALAS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Monique Esquibel held a car insurance policy through Plaintiff Bristol West Insurance Company (Bristol). Defendant Bryana Salas allegedly lived with Esquibel and believed that she was insured through the uninsured motorist provision in Esquibel's policy, which covers residents of the insured's household. On April 15, 2018, Salas sustained physical injuries and car damage when she was involved in an accident with another driver. Bristol refused her claim, stating that she did not fit within the policy's definition of "uninsured motorist." Bristol filed suit in this Court, seeking a declaratory judgment on the contract provision, while Salas brought this same issue, among several others, before a New Mexico state court. Salas now moves to dismiss the federal action. After considering the *Mhoon* factors, the Court declines to exercise jurisdiction and will grant Salas's Motion to Dismiss.

**I.     Background**

Bristol is a "foreign insurance company authorized to write and sell insurance" in New Mexico. (Doc. 1 (Compl.) ¶ 1.) On March 25, 2018, Bristol issued an insurance policy to Esquibel to cover four vehicles: a 2001 Chevrolet Silverado, a 2004 Pontiac Sunfire, a 2015 Chevy Silverado, and a 2016 GMC Sierra. (*Id.* ¶¶ 7–8.) The coverage included $50,000 per person and $100,000 for each vehicle. (*Id.* ¶ 8.) Esquibel listed no other drivers under the policy. (*Id.* ¶ 12.)

Salas allegedly lived with Esquibel. (*Id.* ¶ 28.) On April 15, 2018, Salas was involved in a car accident with Aaron Sanchez. (*Id.* ¶ 20.) Sanchez was insured through Progressive Direct Insurance Company (Progressive). (*Id.* ¶ 21.) As a result of the collision, Progressive "tendered [its] liability coverage policy limits of $25,000 to Bryana Salas" on February 14, 2019. (*Id.* ¶ 22.) In addition, Salas "made a claim for uninsured motorist benefits against the Bristol West policy[,]" believing that Esquibel's insurance covered her. (*Id.* ¶ 23.) However, Salas was driving a 2000 Chevrolet truck "registered in the name of Frank and Lupe Gold" and "insured under a policy issued by State Farm . . . ." (*Id.* ¶¶ 13–15.)

The Bristol policy states that it will pay "all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motorist's vehicle . . . ." (*Id.* ¶ 24.) Per the policy, Bristol defines "insured person" to include "family members" or residents of the household. (*Id.* ¶¶ 25–27.) At issue is whether Salas constituted an insured person under the terms of the Bristol policy at the time of the accident through her residence at Esquibel's home.

Bristol filed a Complaint in federal court on November 15, 2019, asking for a declaratory judgment "that Bryana Salas was not a 'resident' of the household of Monique Esquibel such that she is not entitled to" uninsured motorist benefits. (*Id.* ¶ 30.) On December 2, 2019, Salas filed a state court lawsuit that included this same declaratory judgment issue regarding the Bristol insurance policy, and also brought forth several additional claims and parties.[1] (Doc. 4-1.)

---

[1] The Court recites the facts as they are derived from the Complaint (Doc. 1 (Compl.)). The Court also references Salas's state court complaint, which she attached to his motion as an exhibit. (*See* Doc. 4-1.) Bristol has not objected to the inclusion of this exhibit. (*See* Doc. 10.) "[T]he [C]ourt is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

**II.     Discussion**

Bristol brought this lawsuit under the Declaratory Judgment Act, which states that a court "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). District "courts are 'under no compulsion' to exercise jurisdiction under" the Declaratory Judgment Act. *Century Sur. Co. v. Roybal*, Civ. No. 11-1107 BB/ACT, 2012 WL 13005437, at *2 (D.N.M. Aug. 23, 2012) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 492, 494 (1942); citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)). *Brillhart* held that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. at 495; *see also Allstate Fire & Cas. Ins. Co. v. Sharp*, No. CV 18-1049 RB/KK, 2019 WL 4575609, at *2 (D.N.M. Sept. 20, 2019) (applying *Brillhart*).

The party seeking a declaratory judgment must show that an actual controversy exists. *Surefoot L.C. v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). This party must convince the court to exercise jurisdiction through "a number of case-specific factors," or *Mhoon* factors. *Id.* (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994)). Specifically, the test asks the following questions,

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata;* [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980–81 (10th Cir. 2012) (quoting *Mhoon,* 31 F.3d at 983).

### a. The first two *Mhoon* factors weigh against the Court exercising jurisdiction.

"The first two *Mhoon* factors focus on the degree of identity between the parties and issues in the state and federal suits." *Roybal*, 2012 WL 13005437, at *2 (citing *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002)). Salas argues that the first two *Mhoon* factors weigh in her favor because "in addition to seeking declaratory relief regarding the coverage issue, the state court complaint includes additional claims by Ms. Salas against Bristol West for breach of contract and extra-contractual claims relating to its unlawful conduct." (Doc. 4 at 6.) Salas also claims that Bristol "misrepresented the coverage available under the policy with respect to which she was an intended beneficiary . . . ." (*Id.*) In *Farmers Insurance Co. of Arizona v. Castillo*, the court held that the first two *Mhoon* factors disfavor federal jurisdiction when the state case included the same parties, the same issue, as well as additional tort claims against the insurer. *See* 17-CV-389 MV/SCY, 2019 WL 1383531, at *1, 3–4 (D.N.M. Mar. 27, 2019); *see also Sharp*, 2019 WL 4575609, at *3 (same). When the insurance company is a party in both federal and state court, there is no need for the declaratory judgment action in federal court because the state court has the capacity to resolve the entire matter. *Mhoon*, 31 F.3d. at 984. Conversely, in *Mhoon*, where the federal court appropriately exercised jurisdiction, the insurer was not a defendant in the state case. *Id.* at 982–83. Like *Castillo* and *Sharp*—and unlike *Mhoon*—Plaintiff Bristol is a party in both actions, and the same declaratory judgment issue rests in both courts.

Nevertheless, Bristol claims that a declaratory judgment on the policy interpretation would settle the controversy in both actions. (Doc. 10 at 3.) The insurer also cautions that Salas "should not be permitted to rush to the state courthouse with a collection of complicated and unrelated claims simply to disrupt Bristol's option to assert its rights in the federal court." (*Id.* at 5.) In the Court's view, Bristol's warning is exaggerated. *Farmers Insurance Co. of Arizona v. Komis*

provides the Court with guidance regarding this concern. *See* No. 1:17-cv-00703 WJ/JHR, 2017 WL 6372663 (D.N.M. Dec. 12, 2017). There, Farmers filed the declaratory judgment action in federal court prior to Komis filing in state court. *Id.* at *1. But because the parties in the federal case were also parties in the state case, the lone declaratory judgment action in federal court served no "useful purpose" given that the state court would decide the same issues. *Id.* at 3. "The relevant inquiry here is 'whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding.'" *Id.* (quoting *Wilton*, 515 U.S. at 283; citing *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995)).

The circumstances here are nearly identical to those in *Sharp* and *Komis*. Bristol and Salas are parties in both cases. The issue of whether Salas constitutes a member of the household is also presented in both cases. Bristol contends that the Court's declaratory judgment would terminate the case between the parties (Doc. 10 at 4), but Salas filed claims beyond breach of contract in state court—including breach of the covenant of good faith and fair dealing, misrepresentation, as well as violations of the New Mexico Unfair Practices Act and the Unfair Insurance Claims Practices Act (UICPA) (Doc. 4 at 4). Salas, however, argues that the "state court action is significantly different from the federal suit, as it joins additional plaintiffs, Mrs. Esquibel and vehicle passenger, Ms. Martinez, and additional defendants . . . ." (Doc. 4 at 7.) As a result, Salas believes the controversy will remain without regard to the federal court's action on Bristol's contract language. (*Id.*) The Court sides with Salas here. While the breach of covenant of good faith and misrepresentation claims may be intimately tied to the declaratory judgment decision as Bristol posits (Doc. 10 at 4), this Court in *Sharp* held that a state claim under the UICPA constituted a separate cause of action that stood in state court regardless of the federal court's declaratory judgment decision. *Sharp*, 2019 WL 4575609, at *4 (citing N.M. Stat. Ann. § 59A-16-20(D)).

5

The first two *Mhoon* factors weigh in favor of dismissal because Bristol is a party in the state lawsuit and because the contract interpretation is an issue in both cases. Additionally, the Court's declaratory judgment will not resolve all of the state claims against Bristol.

### b. The third *Mhoon* factor is neutral.

"The third *Mhoon* factor is whether the declaratory remedy is being used merely for the purpose of 'procedural fencing.'" *Castillo*, 2019 WL 1383531, at *4 (quoting *Mhoon*, 31 F.3d at 983). Salas concedes that Bristol did not file in federal court in a "race to res judicata." (Doc. 4 at 5 n.2.) And Bristol states that it "did not bring the federal declaratory action to pre-empt a state court suit by Ms. Salas," but rather, Bristol "reached the conclusion that a Federal Court declaratory action would provide the most efficient remedy to the controversy and thus elected to seek judicial determination of the parties' rights." (Doc. 10 at 8.) Given the lack of briefing and the parties' apparent agreement on the issue, the Court believes that this factor is neutral.

### c. The fourth and fifth *Mhoon* factors weigh against the Court exercising jurisdiction.

"The final factors in the analysis consider whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and whether there is an alternative remedy which is better or more effective." *Komis*, 2017 WL 6372663, at *4. Here, all of the contractual and extra-contractual claims in federal and state court are rooted in New Mexico law. The state court has an interest in deciding this insurance-based contractual question and in shaping the doctrine within the state. The *Roybal* court summarized it best when holding that a "state court's determination of insurance coverage is typically preferable to the Federal Court's determination, particularly when there are no issues of federal law presented." 2012 WL 13005437, at *4.

6

Bristol argues that the factual disputes that Salas believes the state court will resolve only "pertain to the tort claims against the other state court defendants and not to the contractual dispute." (Doc. 10 at 5.) That is, the state court requires a different set of facts (the specific car accident) to decide the tort claims, while the federal court only needs to examine the contract language. (*Id.*) "[D]ismissing the instant case in favor of the state court lawsuit would not be better or more effective, as required by the *Mhoon* Court." (*Id.*) With that in mind, the state court process will not provide a speedy means to adjudicate Bristol's claims, so it "will be forced to participate in lengthy and costly litigation underlying the events leading up to the subject accident." (*Id.* at 7.) Alternatively, Salas argues that the "state court action is more comprehensive than the federal action, which seeks only to resolve the coverage dispute." (Doc. 4 at 7.) The state case will "resolve all factual disputes necessary to properly address the coverage issue." (*Id.* at 8.)

Again, the Court sides with Salas. While Bristol might be correct that a declaratory judgment in its favor dispenses with the matter in the quickest possible fashion (for Bristol), the speediest solution might not be the best, or most efficient, or fairest means of managing the case as a whole. And the Court needs to keep broader notions of judicial economy in mind. Salas filed the case in state court and included other parties and claims not before this Court. The best way to manage these issues holistically is before a single tribunal, not in a piecemeal manner that raises a discreet state law matter in federal court. Bristol misunderstands the test in *Mhoon* and believes that the Court's sole objective is to find the most effective way to decide the issue for Bristol. Instead, the Court's role is to find the most efficient way to manage not just the discreet contract issue, but the matter as a whole. And the Court believes that state court is the more appropriate venue for these issues and could more efficiently adjudicate the entire case.

With regard to the fifth factor, Bristol believes that "the most adequate remedy is for this court to efficiently determine the question of coverage, which will then either entitle Ms. Salas to coverage immediately or will end the controversy completely." (Doc. 10 at 7.) Yet Salas correctly points out that the "state court action is more comprehensive than the federal action, which seeks only to resolve the coverage dispute." (Doc. 4 at 7.) Thus, while federal court intervention might serve Bristol's interests, the Court would not be able to craft a remedy that considers all of the issues and parties involved. The state court, on the other hand, would have the ability to consider all of the interconnected pieces of this dispute and structure a remedy accordingly.

In sum, this matter is exclusively driven by state-based claims, for which New Mexico courts have a vested interest in shaping. Moreover, the more comprehensive suit is in the state court, and the federal court's declaratory judgment action would only dispense with a narrow slice of the state court case. For these reasons, the fourth and fifth *Mhoon* factors also weigh against federal jurisdiction. Given that four of the five *Mhoon* factors clearly disfavor the Court exercising its jurisdiction over this issue, with the third uncontested factor having a neutral effect, the Court will grant Salas's Motion to Dismiss.

**THEREFORE**,

**IT IS ORDERED** that Salas's Motion to Dismiss or in the Alternative Stay (Doc. 4) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**. In the event that the state court fails to resolve the coverage controversy prior to the state court's entry of final judgment, Bristol may move, upon good cause shown, for leave to reinstate its complaint within 30 days of entry of the state court judgment.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**